**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JAMES VANHOUTEN, ) | |
| ) | |
| Plaintiff, ) | **CIVIL ACTION** |
| ) | |
| v. ) | No.  05-3036-MLB |
| ) | |
| CSI HIXON, CSI HYDECKER, CSI ) | |
| CLINE, CSI STEVENS AND CSI ) | |
| GALLOWAY, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This case is currently before the court on defendants' motion for summary judgment.[1] (Doc. 53). The motion has been fully briefed and is ripe for decision. (Docs. 53, 55). Defendants' motion is granted for the reasons herein.

**I.   FACTS**

Plaintiff is an inmate currently in the custody of the Kansas Secretary of Corrections and confined at the El Dorado Correctional Facility (EDCF) in El Dorado, Kansas. Plaintiff alleges a variety of claims against defendants involving the conditions of plaintiff's confinement.[2] Plaintiff has alleged that these claims violate his First, Eighth and Fourteenth Amendment rights. The claims were

---

[1] This motion does not include defendants (fnu) Hydecker, (fnu) Lyda, (fnu) Lair, and John Doe. Defendant Lyda was served by mail on May 5, 2005. Lyda executed a waiver of service on June 7, 2005. (Doc. 32). In their motion for summary judgment, defendants' counsel states that the Kansas Attorney General does not represent Lyda. There is no record of service for defendants Hydecker and Lair. However, for the reasons hereafter stated, this case is dismissed as to all defendants.

[2] Counts two and five have been dismissed. (Doc. 8).

summarized as follows by the magistrate:

> Ct. 1: plaintiff alleges he was subjected to excessive force by defendants Hixon, Hydecker, Cline, Stevens, Galloway, Smith, O'Kelly, Dragoo, and Lyda. This occurred in September 2004.
>
> Ct. 3: plaintiff alleges he found glass in his food on one occasion during March 2003 and that in November 2003, he found feces "cooked in" his food. He was denied medical treatment.  This count does not identify any defendant.
>
> Ct. 4: plaintiff alleges he was denied a shower and other, unspecified hygiene needs for approximately 2½ weeks in May 2004 on the orders of defendant Snyder.
>
> Ct. 6: Plaintiff alleges that from December 18-31, 2002, he was not allowed a mattress, blanket, or clothing, requiring him to sleep naked on a cold floor. He alleges this was on the orders of defendant Spilker.
>
> Ct. 7: Plaintiff alleges that from October 10, 2002, to January 7, 2003, he was allowed to brush his teeth only once per seek, was denied access to a Bible, and was not permitted to call his attorney or family. Plaintiff states this was on the orders of defendant Spilker.
>
> Ct. 8: Plaintiff alleges that from early March 2003 to the present, his property has been lost ten times by unnamed "officials of El Dorado". (Doc. 1, p. 4b.)
>
> Ct. 9: Plaintiff alleges that in November 2003 defendant Livinggood subjected him to excessive force, resulting in a broken finger. Plaintiff alleges he later was denied medical treatment.
>
> Ct. 10: Plaintiff alleges that in early September 2004, he suffered swelling in his legs and feet due to restraints and was denied medical attention. Plaintiff states defendants Barnes, Lair, Myers, Harris, Walmsley, Woodburn, Drake, Ingram, and Doe participated.
>
> Ct. 11: Plaintiff alleges that from September 2004 to the present he has been denied cleaning supplies. He does not identify the defendants to this claim.
>
> Ct. 12: Plaintiff alleges that from October 2002 to the present he has been denied placement for his mental health needs and has been denied mental health treatment. He does not identify the defendants to this claim.
>
> Ct. 13: Plaintiff alleges that on March 18, 2003, he received four letters that had been withheld. He does not

identify the defendants to this claim.
(Doc. 8 at 2-4).

After a review of plaintiff's submissions, the court has determined that plaintiff filed an "Inmate Grievance Form" for all allegations except those concerning his property loss (count eight). The Unit Team responded that his complaints were not grievable issues, but rather that plaintiff needed to follow the procedure for an injury or property loss. See K.R.A. 44-15-101a(d)(2). This required plaintiff to file a different form and present it to the Department of Corrections. Instead, plaintiff appealed these decisions. The Department of Corrections determined that the responses by the Unit Team were correct. Plaintiff then filed a "Property Damage/Loss or Personal Injury" claim form with the Department of Corrections. On December 30, 2004, plaintiff was informed by the Department of Corrections that his claims were not processed. The claims filed through the procedure set out in IMPP 1-118 cannot exceed $500.00 pursuant to K.S.A. 46-920. The Department of Corrections informed plaintiff that the proper procedure is to file a claim through the Joint Legislative Committee on Claims Against the State. In order to do so, plaintiff was informed that a form was available through his Unit Team. After a review of the file, the court has concluded that plaintiff did not file a claim with the Joint Legislative Committee. (Doc. 1, see attached exhs.).

Defendants have filed a motion for summary judgment on the basis that plaintiff failed to exhaust his administrative remedies as to his claim for lost property. Plaintiff has responded that he could not file a grievance for a lost property claim. For the reasons herein,

the court has determined that plaintiff has failed to exhaust his administrative remedies as to all claims.

## II.  SUMMARY JUDGMENT STANDARD

The rules applicable to the resolution of this case, now at the summary judgment stage, are well-known and are only briefly outlined here.  Federal Rule of Civil Procedure 56(c) directs the entry of summary judgment in favor of a party who "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c). An issue is "genuine" if sufficient evidence exists "so that a rational trier of fact could resolve the issue either way" and "[a]n issue is 'material' if under the substantive law it is essential to the proper disposition of the claim."  Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998).  When confronted with a fully briefed motion for summary judgment, the court must ultimately determine "whether there is the need for a trial–whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).  If so, the court cannot grant summary judgment.  Prenalta Corp. v. Colo. Interstate Gas Co., 944 F.2d 677, 684 (10th Cir. 1991).

## III. Pro Se Status

Before analyzing defendants' motion for summary judgment, the court notes that plaintiff is not represented by counsel.  It has long been the rule that pro se pleadings must be liberally construed.  See Hall v. Bellmon, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991); Hill v.

-4-

Corrections Corp. of America, 14 F. Supp.2d 1235, 1237 (D. Kan. 1998). Liberal construction does not, however, require this court to assume the role of advocate for the pro se litigant. See Hall, 935 F.2d at 1110. Plaintiff is expected to construct his own arguments or theories and adhere to the same rules of procedure that govern any other litigant in this district. See id.; Hill, 14 F. Supp.2d at 1237. Additionally, the court need not accept as true plaintiff's conclusory allegations because no special legal training is required to recount the facts surrounding the alleged injuries. See Hill, 14 F. Supp.2d at 1237. In the end, plaintiff's pro se status, in and of itself, does not prevent this court from dismissing his claim. See Smith v. Plati, 258 F.3d 1167, 1174 (10th Cir. 2001) (citing Hall v. Bellmon, 935 F.2d 1106, 1110, 1114 (10th Cir.1991)) ("Even when a complaint is construed liberally, this court has dismissed pro se complaints for failure to allege sufficient facts."); Northington v. Jackson, 973 F.2d 1518, 1521 (10th Cir. 1992).

**IV.  ANALYSIS**

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e.... [A] prisoner must provide a comprehensible statement of his claim and also either attach copies of administrative proceedings or

describe their disposition with specificity." Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1211 (10th Cir. 2003).

Defendants assert that the lost property claim was never presented through the grievance procedure. Plaintiff responds that the magistrate determined that his claims were exhausted and that lost property claims do not utilize the grievance procedure. The magistrate made a "provisional finding that plaintiff made reasonable efforts to present his claims through the administrative remedy procedure." (Doc. 8 at 6). The magistrate's decision was not final. Rather, it was made without the benefit of the Martinez report and defendants' dispositive motion. The unrefuted facts clearly show that plaintiff has not exhausted all his administrative remedies. Plaintiff's second argument, that he does not need to exhaust this claim because it requires a different procedure other than the grievance form, is unpersuasive.

The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532, 122 S. Ct. 983, 152 L. Ed.2d 12 (2002). The confusion lies in the title of the procedure. While there is a procedure at EDCF for filing "grievances," this procedure does not include claims for personal injury or property loss. If an inmate has a claim for personal injury or property loss, those claims must be presented to the Kansas Department of Corrections utilizing a separate form. K.A.R. 44-16-102. Plaintiff is aware of how to file a property loss form since he did so with his other claims.

-6-

Even though plaintiff was under the assumption that his property loss claim was not grievable, the exhaustion mandate still applies. See Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1214 (10th Cir. 2003)("The Supreme Court has refused to read futility or other exceptions into the § 1997e(a) exhaustion requirement. The exhaustion mandate applies even if a prisoner understood that the claims put forth in his complaint were non-grievable under prison policy.")(internal citations omitted).  Plaintiff was required to exhaust his claim of property loss through the correct procedure outlined in K.A.R. 44-16-102 or, if the claim was in excess of $500.00, file a complaint with the Joint Legislative Committee on Claims Against the State.  Plaintiff did not do so.  Plaintiff's claim is accordingly dismissed for failure to state a claim.

In Ross v. County of Bernalillo, 365 F.3d 1181, 1190 (10th Cir. 2004), the Tenth Circuit announced that the PLRA requires total exhaustion.  If a prisoner submits a complaint containing one or more unexhausted claims, the court must dismiss the entire action without prejudice.  Id.  Accordingly, plaintiff's entire complaint is dismissed, without prejudice.

Moreover, it is clear from the record that plaintiff failed to exhaust his administrative remedies as to all claims.  Plaintiff did not comply with the procedures in filing his claims.  Since plaintiff requested relief in excess of $500.00, plaintiff could not utilize the procedure set out at K.A.R. 44-16-102.  See K.S.A. 46-920.  In order to effectively exhaust his claims, plaintiff was required to submit the proper form to the Joint Legislative Committee on Claims Against the State.  (Doc. 1, December 30, 2004 letter from the Kansas

-7-

Department of Corrections). Plaintiff did not do so.

"An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under [the] PLRA for failure to exhaust his administrative remedies." Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002). The assertion that inmates do not have to properly complete the process nor correct deficiencies has been rejected by the circuit. Id. Only "[w]hen there is no possibility of any further relief, the prisoner's duty to exhaust available administrative remedies is complete." Ross v. County of Bernalillo, 365 F.3d 1181, 1187 (10th Cir. 2004). Plaintiff's duty was not complete since he failed to present his claim to the proper authority for review. Accordingly, plaintiff has failed to exhaust all of his claims.

## V. CONCLUSION[3]

Defendants' motion for summary judgment is granted. Plaintiff's complaint is dismissed, without prejudice, in its entirety.[4]

A motion for reconsideration of this order is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the

---

[3] Plaintiff's motions pending before the court are denied as moot. (Docs. 46, 47, 48, 49, 54).

[4] The complaint is dismissed as to all defendants, not only those who submitted the motion before the court. The court is required to sua sponte dismiss a complaint when a prisoner has failed to exhaust his administrative remedies. Simmat v. U.S. Bureau of Prisons, 413 F.3d 1225, 1238 (10th Cir. 2005).

issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this   21st   day of November 2005, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE